## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**RANDY GUNTHER**
**RR1 Box 151**
**Broughton IL 62817**
**Individually and for the use of**
**TRAVELERS PROPERTY CASUALTY**
**COMPANY**
                        **Plaintiff      v.**
**STIHL INC.**
**536 Viking Drive**
**Virginia Beach, VA 23452**
              **and**
**ANDREAS STIHL AG & CO. KG**
**BADSTRASSE 115**
**71336 Waiblingen**
**Neustadt, Germany**
                        **Defendants**

Civil Action No: FILED: MAY 8, 2008
                 08CV2668        TD
                 JUDGE ZAGEL
                 MAGISTRATE JUDGE VALDEZ

### COMPLAINT

### JURY TRIAL DEMANDED

And now comes the Plaintiff, Randy Gunther, individually and for the use of Travelers Property Casualty Company, by and through the undersigned counsel, and hereby states as follows

### PARTIES

1.     Plaintiff, Randy Gunther, is an individual residing in Broughton, Hamilton County, Illinois.

2.     At all times relevant hereto, Randy Gunther was employed as a laborer by Howell Paving, Inc., a company with its principal place of business located in Matoon, Illinois.

3.     Travelers Property Casualty Company (hereinafter "Travelers") is a business entity organized and existing under the laws of the State of Connecticut, with its principal place

of business located at 1 Travelers Square, Hartford, CT 06183, and is duly authorized to issue policies of insurance in the State of Illinois.

4.       At all times relevant hereto, Travelers provided workers' compensation insurance to Howell Paving, Inc. and Travelers has paid workers' compensation benefits in connection with the injuries sustained by Mr. Gunther, as described more fully below.

5.       Pursuant to the Illinois Workers' Compensation Statute, Travelers has a statutory right to bring this action on behalf of and in the name of Randy Gunther.

6.       Defendant, Andreas Stihl AG & Co. KG, is a foreign corporation with its principal place of business located at Badstrasse 115 71336 Waiblingen Neustadt, Germany.

7.       Defendant Stihl, Inc. is a Virginia corporation with its principal place of business located at 536 Viking Drive, Virginia Beach, Virginia 23452

8.       Hereinafter, Andreas Stihl AG & Company KG and Stihl Corporation will be referred to collectively as "The Stihl Defendants."

9.       At all times relevant hereto, the Stihl defendants conducted regular and continuous business with individuals and entities located in the State of Illinois.

10.       The Stihl defendants regularly and continuously engaged in the marketing and sale of products to businesses located in Illinois, directly and through its distributors.

11.       The Stihl defendants regularly and continuously sold products to individuals and entities that they knew, or should have known, were and are likely to resell the products to purchasers in Illinois.

12.       The Stihl defendants regularly and continuously manufactured and sold various products, including power tools, for use in the construction industry and other industries with the

knowledge and intention that such products would be used in the State of Illinois by citizens of the State of Illinois.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states and foreign nations and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     This Court has personal jurisdiction over the Stihl defendants because this action arises from the sale and distribution of a Stihl Model TS400 hand held cut off saw to entities located in the state of Illinois, and because, as set forth more fully above, the Stihl defendants regularly and continuously engage in conduct within the state of Illinois.

15.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.D.C. §1391 (a) because the events and acts and omissions giving rise to this claim occurred in Farina, Illinois.

## GENERAL ALLEGATIONS

16.     At all times relevant hereto, Randy Gunther was working within the course and scope of his employment at a construction project located in Farina, Illinois.

17.     On May 9, 2006, Randy Gunther was operating a Stihl Model TS400 hand held cut off machine (hereinafter "the saw"), when suddenly, and without warning, the saw kicked back and struck him in the right arm and chest, causing serious and permanent injuries to his right arm and chest.

18.     The saw was designed, manufactured, sold and distributed by the Stihl defendants.

19.     As a result of the injuries sustained by Randy Gunther, Travelers has been required to provide workers' compensation benefits including payment of medical bills in an amount in excess of $41,000.00 and lost wage compensation in an amount in excess of 53,000.00, and Travelers may be required to make additional payments in the future .

20.     In addition to workers' compensation benefits paid, Randy Gunther has sustained significant pain, suffering, humiliation and a loss of life's pleasures and will continue to suffer, pain, suffering, humiliation and a loss of life's pleasures in the future.

21.     As a result of the foregoing accident, Randy Gunther has significant and permanent scars across his arm and chest.

22.     As a result of the foregoing incident, Randy Gunther has sustained lost wages and will continue to sustain lost wages for a significant time into the future.

23.     The aforementioned damages sustained by the plaintiff were the direct and proximate result of negligence, breach of warranty and other liability producing conduct of defendants, acting jointly or severely, as more fully set forth below.

24.     The plaintiff hereby demands a trial by jury on all counts herein.

## COUNT I
## RANDY GUNTHER AND TRAVELERS PROPERTY CASUALTY COMPANY v. ANDREAS STIHL AG & CO. KG AND STIHL, INC.
## <u>NEGLIGENCE</u>

25.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 24 above as though more fully set forth at length.

26.     At all times relevant hereto, the saw was used in a reasonably foreseeable manner and for the purpose for which it was intended to be used at the time it was manufactured and sold by the Stihl defendants.

27.     At all times relevant hereto, the saw was being used in accordance with the instructions provided.

28.     The aforesaid accident and damages sustained by Randy Gunther were the direct and proximate result of the negligence, carelessness and/or liability producing conduct of the Stihl defendants, individually, jointly and severely, including negligent acts and/or omissions of such defendants as performed by and through their agents, employees and/or servants, more specifically described as follows:

    a.     Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the circular saw;

    b.     Failing to perform proper and adequate testing of the product to insure that it could be operated safely before selling and distributing the product for use;

    c.     Failing to provide a proper complete and adequate warning concerning the safe use of the product and the catastrophic injuries likely to occur in the event of a kickback;

    d.     Designing, manufacturing and selling a saw that was defective such that the blade rotated with such speed and force that an operator would be unable to react and avoid being struck by the saw blade in the event of a kickback; and

    e.     Designing, manufacturing and selling a saw which was defective in that there was nothing to prevent an operator from being struck by the rotating saw blade in the event that a reasonably foreseeable kickback occurred.

29.     As a result of the negligence of the defendants, Randy Gunther sustained the injuries and damages described more fully above.

**WHEREFORE,** Plaintiff, Randy Gunther, demands judgment against Andreas Stihl AG & Co. KG and Stihl Inc., individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

### COUNT II
### RANDY GUNTHER AND TRAVELERS PROPERTY CASUALTY COMPANY v. ANDREAS STIHL AG & CO. KG & STIHL, INC.
### STRICT LIABILITY

30.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 29 above as though more fully set forth at length.

31.     The saw was designed, manufactured, sold and/or distributed by Andreas Stihl AG & Co. KG and/or by Stihl Inc.

32.     The saw was designed, manufactured and sold by Stihl defendants in an unreasonably dangerous and defective condition such that it would be virtually impossible for the saw operator to react and/or to avoid sustaining serious physical harm in the event of a kickback occurring during the normal use of the saw.

33.     The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that the speed and force of the blade rotation was unreasonably dangerous and likely to cause injury to anyone who operated the saw.

34.     The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it was likely to kickback during normal operation and strike the operator and likely cause serious and permanent injuries.

35.     The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it did not include warnings that the saw could not be safely used to cut

plastic, concrete or metal piping and other similar materials and that, in the event of a kickback, the operator would be unable to protect himself from sustaining immediate serious injuries.

36.    Randy Gunther relied upon defendants to manufacture and sell the saw in a condition that was not defective and unreasonably dangerous for its intended use.

37.    Due to its defective and unreasonably dangerous condition, the saw was an immediate hazard to operators, including Randy Gunther.

38.    As a direct and proximate result of the defective and dangerous condition of the defendants' product, Randy Gunther sustained serious injury.

**WHEREFORE,** Plaintiff, Randy Gunther, demands judgment against Andreas Stihl AG & Co. KG and Stihl Inc., individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

## COUNT III
### RANDY GUNTHER AND TRAVELERS PROPERTY CASUALTY COMPANY v. ANDREAS STIHL AG & CO. KG & STIHL, INC. <u>BREACH OF WARRANTY</u>

39.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 38 as though more fully set forth at length.

40.    At the time of the contract for sale and/or distribution of the aforementioned saw, the Stihl defendants had reason to know the particular purpose for which the aforementioned saw would be used and/or could foreseeably be used and knew that their skill and judgment were being relied upon to furnish a safe and suitable product.

41.    The Stihl defendants breached the implied warranty of fitness for particular purpose in that the aforementioned saw was not fit for a particular purpose for which it was acquired and intended to be used.

42.    Defendants' breach of the implied warranty of fitness includes the following:

a.    Failing to properly perform, record, publish, review and/or act upon testing concerning the forces involved in the event of a kickback while using the saw;

b.    Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the saw;

c.    Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the saw as described more fully above; and

d.    Designing, manufacturing and selling a saw that was unreasonably dangerous and defective such that it was likely to strike the operator without warning.

43.    In addition, the Stihl defendants, and each of them, breached the implied warranty of merchantability in that the aforementioned saw was not fit for the ordinary use for which it had been purchased and used.

44.    Plaintiff's damages, as set forth above, occurred as a direct and proximate result of the defendants breach of their implied warranty of fitness for a particular purpose and their implied warranty of merchantability.

45.    The saw that was designed, manufactured and sold by the Stihl Defendants was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary and foreseeable purposes for which it was intended to be used for the reasons set forth more fully above.

46.    As a result of such breaches on the part of the Stihl defendants, Plaintiff Randy Gunther sustained the injuries and damages described more fully above.

**WHEREFORE,** Plaintiff Randy Gunther demands judgment against Andreas Stihl AG

& Co. KG and Stihl Inc., individually and/or jointly and severely for compensatory damages,

plus pre-judgment and post-judgment interests, costs of suit, attorney's fees and such other relief

as this Court deems appropriate under the circumstances.

**NELSON LEVINE de LUCA & HORST, LLC**


**BY:** _____s/ Patrick C. Timoney_____
PATRICK C. TIMONEY, ESQUIRE
518 Township Line Road,  Suite 300
Blue Bell, PA 19422
Telephone:  215-358-5142
Facsimile:  215-358-5101
E-mail:  ptimoney@nldhlaw.com
ATTORNEYS FOR PLAINTIFF